Opinion of the Court.
Kirkpatrick C. J.
This was an action of debt. The warrant was issued March 23,1815, and on the 25th of the same month, the parties appeared, and judgment was entered against the defendant, by his confession, for 100 dollars. John Edwards, a freeholder, then present in court, confessed judgment to the plaintiff for this sum, as security for the defendant, who then prayed the benefit of the statute, with respect to the stay of execution.
On the 27th of April, the plaintiff went before the justice and made affirmation, that lie conceived himself to be in danger of losing his debt, if execution should be delayed for six months. Of this affirmation, the justice gave notice to the defendant, and on the 2nd of May, Edmund Brewer appeared and confessed judgment to the plaintiff for the same sum, as security for the defendant.
To this proceeding it is objected, 1. that judgment is for a greater sum than that endorsed on the warrant; 2. that the plaintiff filed no state of demand ; 3. that the judgment confessed by Edwards, was entered against him alone, and not against him and the defendant jointly, as the statute speaks; and, 4. that the plaintiff had no right to require further security, and therefore that the judgment against Brewer was irregular and without authority.
The endorsement of the sum due, on the back of the process, *is merely for the benefit of the defendant; that he may have an opportunity of paying, without further costs or trouble, and if he make use of this benefit, and do actually pay the sum endorsed, the plaintiff, probably, could make no further claim against him, but such endorsement never limits the judgment. It may be *100 either more or less, just as if such endorsement had never been made.
(a) As to the state of demand. The law never requires that to be done, which if done, would be nugatory and useless. Here the defendant, upon his first appearance, acknowledged the sum to be due, which the plaintiff demanded, and confessed judgment for it. A statement of the particular items of the account, therefore, would have been wholly unnecessary. This too, is the practice in the superior courts. Any man may come in there, and confess judgment to another, for any sum he pleases, without formal pleadings.
With respect to the judgment against Edwards. The words of the statute are, that if a defendant, whq is not a freeholder, shall procure a good and sufficient freeholder to join him in a confession of judgment to the plaintiff, then such defendant shall be entitled to the same privileges to which a freeholder is entitled. The entry of this judgment, therefore, does not appear to be strictly according to the words of the statute; but it is so substantially, and to all beneficial purposes. And surely it does not lie in the mouth of the defendant, for whose benefit, and upon whose prayer it was made, to complain against it.
Then as to Brewer, the last surety. It is provided by the statute, that if the defendant be a freeholder, and judgment be entered against him for more than 15 dollars, execution shall not issue till three months, unless the plaintiff shall make it appear, that he is in danger of losing his debt by such delay; and if the defendant is not a freeholder, but will procure a freeholder to join with him in a confession of judgment to the plaintiff, for the sum due, then he shall be entitled to the same privileges to which a freeholder is entitled in this respect. This security does nothing more, than put the defendant into the condition of a freeholder, and enable him to demand the same stay of execution. But inasmuch as the plaintiff may come in, even against a freeholder, and prove the danger of losing his debt, so he may also against this defendant and his surety, who, together are considered as but *one freeholder; for he that hath no freehold, is *101 but like the fox that treadetli the ground and is gone. The plaintiff, therefore, had a right to look to his interest in this way, and to squire further security against them. The statute, indeed, does not direct that this security should be made by the confession of judgment, but if the surety will confess, he cannot afterwards complain; and still less can his principal, the defendant do so.
It is known there is a question, as to delay, in the issuing of execution for sums above 60 dollars, arising on the proviso of the supplementary statute of 1801. But as that is not raised in this case, and it is not seen that it can affect the judgment, however determined, it need not be agitated here.
Let judgment be affirmed.

 Goltry vs. Ruckman, Pen. *487.